# Carnegie National Bank, for use, *v.* Seibel, Appellant.

*Promissory notes—Judgment notes — Execution — Accommodation maker—Subrogation—Findings of fact—Appeals.*

Where one of two joint makers of a judgment note, who had paid the note, alleged that he was but an accommodation maker and petitioned to be subrogated to the rights of the holder against the other maker, and the evidence was conflicting, a finding and decree in favor of petitioner, based upon the verdict of a jury, will not be reversed on appeal.

Argued Oct. 9, 1916. Appeal, No. 24, Oct. T., 1916, by defendant, from order of C. P.. Allegheny Co., July T., 1912, No. 464, decreeing that petitioner be subrogated to the rights of the holder of a promissory note against the maker, in case of Carnegie National Bank, a Corporation, for Use of Peter Seibel, Now for Use of Daniel Bowman, v. Louis Seibel. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Petition for order entitling petitioner to subrogation to the rights of a holder of a promissory note against the maker.

EVANS, J., filed the following opinion:

The undisputed facts in this case are as follows: On April 20, 1912, Daniel Bowman and Louis Seibel executed a joint judgment note in favor of the Carnegie National Bank, of Carnegie, Pa. Judgment was entered on the note on May 6, 1912, and on November 12, 1913, the note was assigned to Peter Seibel, a brother of Louis Seibel. Peter Seibel issued a writ of fi. fa. at No. 527, January Term, 1914, and directed the sheriff to sell certain property of Daniel Bowman. A levy was made and the property advertised for sale. On January 3, 1914, Daniel Bowman paid to the sheriff the unpaid balance of said judgment, namely, $4,250 with interest and costs.

After making payment to the sheriff, Bowman presented his petition to this court at the number and term at which the judgment had been entered, alleging that he was only an accommodation maker of said note, and requesting that a lien of said judgment be preserved on the real estate of Louis Seibel, and that he be subrogated to all the rights of Peter Seibel, the assignee of the judgment.

On the return of the rule, depositions were taken and an argument had, and the case was finally sent to a jury to determine the question as to whether or not Daniel Bowman did sign the note in question as accommodation maker for Louis Seibel. On the trial of the question of fact before the jury, the answer to that question by the jury was "yes." The question now comes before the court for final determination of the rule to show cause granted on the petition of Daniel Bowman.

The verdict of the jury is not binding on the court and is not considered as having the same force as the verdict at common law. It is for the guidance of the court, however, and the assistance of the court in determining a very difficult disputed question of fact. It was because the determination of that fact was so difficult under the depositions taken that the assistance of the jury was asked by the court. A jury has passed upon that question, and the trial judge has refused the motion for a new trial.

An examination of the testimony and the exhaustive argument of counsel on the facts has not convinced me that the jury made a mistake. There are inconsistencies in the position of both these parties to the transaction, which preceded the execution of this judgment note, and I am inclined after a careful examination of this case to make the rule granted on the petition of Daniel Bowman absolute.

The court awarded the relief prayed for. Defendant appealed.

1917.]     Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*George C. Bradshaw,* of *Thomson & Bradshaw,* for appellant.

*Elder W. Marshall,* for appellee.

PER CURIAM, January 8, 1917:

Whether Daniel Bowman signed the note involved in this controversy for the accommodation of Louis Seibel, the joint maker, was a pure question of fact, which was referred to a jury.    Their finding was that he was but an accommodation maker, and, having paid the judgment entered upon the note, he is entitled to be subrogated to the rights of the holder against the man he accommodated with his signature.    The facts are concisely stated in the opinion of the learned court below granting relief to the appellee, and, on it, this appeal is dismissed at appellant's costs.